UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

MARIA OLGA ZAVALA                      CIVIL ACTION NO.

VERSUS                                          17-656-JWD-EWD

CITY OF BATON ROUGE, ET AL

## NOTICE AND ORDER

In her First Motion to Compel, Maria Olga Zavala ("Plaintiff") seeks production of "any document composed by Defendant CorrectHealth that reviews the reasons for, circumstances of, and events leading up to Mr. Fano's suicide on February 2, 2017" at the East Baton Rouge Parish Prison ("EBRPP"), including the documents that should have been generated by operation of CorrectHealth East Baton Rouge, LLC's ("CorrectHealth") "Procedure In the Event of An Inmate Death" Policy (the "Inmate Death Policy"), and Suicide Prevention Program Policy ("Suicide Prevention Policy").[1] In particular, Plaintiff seeks the multidisciplinary mortality review and psychological autopsy (collectively, "autopsy documents") that CorrectHealth, as a provider of medical services, prepared in connection with the suicide death of Plaintiff's son, Louis Fano, while he was incarcerated at the EBRPP.

CorrectHealth has refused to produce the requested documents, contending that they are protected by the attorney-client and "self-critical analysis" privileges.[2] CorrectHealth's privilege logs regarding these withheld documents were previously found insufficient under Local Rule 26(c), and on November 4, 2019, CorrectHealth was permitted to supplement its insufficient privilege logs with revised logs.[3] Plaintiff filed the revised logs and confirmed that the issues

---

[1] R. Doc. 118-1, pp. 2-6 *and see* R. Doc. 118-3 (Requests for Production); R. Doc. 118-5 (Inmate Death Policy); R. Doc. 130-3 (Suicide Prevention Policy).
[2] R. Doc. 127.
[3] R. Doc. 133.

raised in Plaintiff's First Motion to Compel were not resolved.[4] However, CorrectHealth maintains that the documents are privilege-protected.[5]

Pursuant to Local Civil Rule 26(c):

> A party withholding information claimed privileged or otherwise protected must submit a privilege log that contains at least the following information: **nam**e of the document, electronically stored information, or tangible things; **description** of the document, electronically stored information, or tangible thing, which description must **include each requisite element of the privilege** or protection asserted; **date**; **author**(s); **recipient**(s); and **nature of the privilege**.

The revised privilege logs[6] sufficiently address each of the factors required by Local Rule 26(c) with respect to the assertion of the attorney-client privilege,[7] as the names of the documents, descriptions, elements of the privilege, dates, authors, recipients are identified. However, it is not clear from the log descriptions that everything contained in both documents is protected by the attorney-client privilege. Specifically with respect to the psychological autopsy, the log indicates that it was prepared by a non-attorney for multiple purposes, *i.e.*, "Psychological autopsy report to be submitted to CorrectHealth's legal counsel for purposes of analyzing the circumstances surrounding decedent's medical care and death, for Quality Assurance and Morbidity & Mortality Review and analysis of liability and defenses."[8] Likewise, the log relating to the mortality review, while prepared by counsel, was also prepared for multiple purposes: "Summary review by CorrectHealth's attorney for quality assurance purposes and analyzing the circumstances surrounding decedent's medical care and death, which includes an attorney assessment of any potential liability."[9] The references in the log descriptions to "quality assurance" and "analyzing

---

[4] R. Doc. 140 and R. Doc. 141, p. 2
[5] The undersigned has discussed production of these documents during a telephone conference and an in-person status conference with the parties. R. Docs. 123 and 141.
[6] R. Doc. 140-1, pp. 2-3.
[7] Both privileges will be addressed in the undersigned's Ruling on the pending Motions to Compel.
[8] R. Doc. 140-1, p. 2.
[9] R. Doc. 140-1, p. 3.

the circumstances surrounding decedent's death" as the reasons underlying the preparation of the autopsy documents comport with the respective Policy provisions that require preparation of these documents. *See* the Inmate Death Policy, which provides that inmate deaths are reviewed "to determine the appropriateness of clinical care; to ascertain whether changes to policies….are warranted, and to identify issues that require further study;" which requires that a multidisciplinary mortality review be conducted that will "include key clinical, administrative, and security personnel" who will "evaluate administrative and clinical aspects surrounding the death;" and the results of such review are discussed with "treating healthcare staff."[10] *See also* the Suicide Prevention Policy, which provides that "…appropriate medical and mental health personnel will participate in the review of a suicide or attempted suicide at the request of the Facility Administrator or the Warden."[11] Additionally, any underlying factual information contained in the documents would not be privileged.[12]

CorrectHealth's Policies requiring the preparation of the autopsy documents are silent as to the involvement of legal counsel in the review or the preparation thereof, yet the logs state that these documents were prepared, in part, for "an attorney assessment of any potential liability" and were submitted to CorrectHealth counsel for an "analysis of liability and defense."[13] Despite that the underlying Policies themselves do not appear to require the involvement of CorrectHealth's legal counsel, the log descriptions sufficiently invoke the potential applicability of the attorney-client privilege to at least some of the information contained in the autopsy documents. Thus, the undersigned will conduct an *in camera* inspection of these two documents to determine if any or all of the documents contain information that is protected by the attorney-client privilege.

---

[10] R. Doc. 118-5.
[11] R. Doc. 130-3.
[12] *Firefighters' Ret. Sys. v. Citco Grp. Ltd.*, No. 13-373, 2018 WL 305604, at *5 (M.D. La. Jan. 5, 2018), *citing U.S. v. Louisiana*, No. 11-470, 2015 WL 4619561, at * 5 (M.D. La. July 31, 2015) (Attorney client privilege does not extend to materials assembled in the ordinary course of business, or which provide purely factual data.).
[13] R. Docs. 140-1, pp. 2-3.

Accordingly,

**IT IS ORDERED** that Defendant CorrectHealth East Baton Rouge, LLC is **GRANTED** leave to file the mortality review and psychological autopsy reports related to the death of Louis Fano and referred to in its revised privilege logs **UNDER SEAL**[14] and must do so **by no later than March 27, 2020.** The Court will review the documents *in camera* as set forth herein.

Signed in Baton Rouge, Louisiana, on March 19, 2020.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[14] *See* the instructions for filing a civil sealed document (prior leave granted) at http://www.lamd.uscourts.gov/cmecf-info/sealed-events.